Eric E. Holm
HOLM LAW FIRM, PLLC
115 N. Broadway, Ste. 304
P.O. Box 3094
Billings, MT 59103
Phone: (406) 252-2900
Fax: (406) 794-0802
eric@holm-law.com
*Attorney for Plaintiff*

CLERK OF THE
DISTRICT COURT
TERRY HALPIN
2019 APR 11 PM 4 23
BY _____ DEPUTY

## MONTANA THIRTEENTH JUDICIAL DISTRICT COURT, YELLOWSTONE COUNTY

| | |
|---|---|
| ADAM PELATT, <br><br> Plaintiff, <br><br> v. <br><br> INTUITIVE SURGICAL, INC., <br><br> Defendant. | Cause No.: DV 19-0426 <br><br> Judge: GREGORY R. TODD <br><br> COMPLAINT AND DEMAND FOR JURY TRIAL |

### INTRODUCTION

1. Plaintiff Adam Pelatt asserts this claim against Defendant for damages he incurred and continues to incur as a result of Defendant's violation of the Family and Medical Leave Act of 1993 (hereinafter "FMLA" or "the Act").

### PARTIES, JURISDICTION AND VENUE

2. Plaintiff is an individual who at all relevant times has been a resident of Yellowstone County, Montana.

3. Defendant is a foreign profit corporation incorporated under the laws of the State of California and conducting business in the State of Montana. Defendant has conducted business at all relevant times in Billings, Yellowstone County, Montana.

1

# EXHIBIT A

4. Defendant employed Plaintiff in Billings, Yellowstone County, Montana, at all relevant times until Defendant terminated Plaintiff from his employment effective June 30, 2018.

## GENERAL ALLEGATIONS

5. Plaintiff reasserts his allegations contained in Paragraph Nos. 1-4 as if fully set forth herein.

6. At all relevant times, Plaintiff was an FMLA-eligible employee, and Defendant was an FMLA-covered employer.

7. Prior to his termination, Defendant employed Plaintiff as a Senior Clinical Sales Representative from February 2009.

8. In June and December 2018, Plaintiff suffered from seizures and required time off from work. Plaintiff provided Defendant with a January 4, 2018, doctor's note stating he was medically restricted from driving for at least a month.

9. Plaintiff was subsequently granted FMLA leave from March 31, 2018, to June 22, 2018, and employer-authorized medical leave from June 23, 2018, to July 1, 2018.

10. Defendant was aware of Plaintiff's need and request for FMLA leave.

11. On Friday, April 13, 2018, while Plaintiff was still on FMLA leave, Plaintiff's supervisor, Carrie Pett, requested via text message that Plaintiff join a conference call. Plaintiff informed Pett that he could not that day. Pett then told Plaintiff to join the conference call the following Monday, April 16, 2018.

12. Plaintiff then contacted Renee Primer, Defendant's Senior Leave Administrator, to inquire whether he should join a conference call while on FMLA leave. Primer informed Plaintiff that, while he was on leave, he was not obligated to do work of any kind and that the

basic rule was to not work while on leave. Plaintiff relayed to Pett that Primer told him not to work while on leave, and he told Pett that he could not join the conference call.

13. On April 21, 2018, Plaintiff received a letter dated April 13, 2018, from Pett stating that Plaintiff was being terminated from his employment effective June 30, 2018.

14. The reason given for Plaintiff's termination was false.

15. Defendant's acts and omissions violated the FMLA. Defendant's violations of the FMLA were not in good faith, and Defendant did not have reasonable grounds for believing that the acts or omissions were not violations. Defendant's violations were willful, as Defendant knew, or showed reckless disregard for whether, its conduct was prohibited by the FMLA.

## COUNT I – FMLA INTERFERENCE 1

16. Plaintiff reasserts his allegations contained in Paragraph Nos. 1-15 as if fully set forth herein.

17. Plaintiff complied with all requirements and obligations imposed upon him under the FMLA.

18. Defendant violated the FMLA by refusing to comply with its requirements and denying a benefit to which Plaintiff was entitled under the Act, including failing to return Plaintiff to his same or equivalent position following leave.

19. As a direct result of Defendant's interference, Plaintiff suffered and continues to suffer damages.

20. Defendant is liable for Plaintiff's damages and losses, including back pay and front pay, for wages, salary, benefits, stock, and other compensation; other actual monetary losses; interest on any determined amount; attorneys' fees and costs; liquidated damages in an

amount equaling Plaintiff's actual damages; and reinstatement or other equitable relief as may be appropriate.

## COUNT II – FMLA INTERFERENCE 2

21. Plaintiff reasserts his allegations contained in Paragraph Nos. 1-20 as if fully set forth herein.

22. Plaintiff engaged in statutorily protected conduct by requesting and obtaining FMLA leave and by invoking his FMLA right to refrain from working during his leave.

23. Plaintiff's use of statutorily protected FMLA leave and invocation of his rights were used as negative factors in determining to discipline and terminate Plaintiff.

24. As a direct result of Defendant's interference, Plaintiff suffered and continues to suffer damages.

25. Defendant is liable for Plaintiff's damages and losses, including back pay and front pay, for wages, salary, benefits, stock, and other compensation; other actual monetary losses; interest on any determined amount; attorneys' fees and costs; liquidated damages in an amount equaling Plaintiff's actual damages; and reinstatement or other equitable relief as may be appropriate.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. Statutory damages for lost wages, salary, stock, benefits, back pay, front pay, and other compensation, plus interest thereon at the statutory rate, pursuant to 29 U.S.C. § 2617(a)(1)(A);

B. Additional liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

C. Reinstatement or other such equitable relief as may be appropriate, pursuant to 29 U.S.C. § 2617(a)(1)(B);

D. Attorneys' fees, expert witness fees, and costs of this action, pursuant to 29 U.S.C. § 2617(a)(3); and

E. Such other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 11th day of April, 2019.

HOLM LAW FIRM, PLLC

By: _____
Eric E. Holm
*Attorney for Plaintiff*